MICHELE BECKWITH
Acting United States Attorney
KRISTIN F. SCOTT
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RONALD KEITH HARVEY<br><br>　　　　　Defendant. | CASE NO. 2:25-MJ-00093-JDP<br><br>UNITED STATES' MOTION FOR A DETENTION HEARING AND MEMORANDUM IN SUPPORT OF DETENTION<br><br>Date: June 13, 2025<br>Time: 2:00 p.m.<br>Judge: Hon. Jeremy D. Peterson |

### I.  INTRODUCTION

There are two separate grounds upon which this Court should detain Ronald Keith Harvey ("Defendant"). First, Defendant did not finish serving his 1992 federal prison sentence before he escaped from the custody of the Attorney General and the Bureau of Prisons ("BOP"). Accordingly, this Court should detain Defendant so he can complete his undischarged prison sentence. Second, Defendant faces a new criminal charge in the Northern District of California and under 18 U.S.C. § 3142, no condition or combination of conditions will reasonably assure Defendant's appearance as required.

Therefore, the United States requests this Court order that Defendant be remanded and re-committed to the custody of the Attorney General or her duly authorized representative (the Bureau of Prisons) for confinement in a correctional facility to complete his undischarged 1992 sentence. The United States further requests that pursuant to the 1994 criminal complaint case that has not yet been

prosecuted, this Court issue an order of pre-trial detention pursuant to 18 U.S.C. § 3142, and further order Defendant's transfer to the Northern District of California to answer to the Complaint. *See*, *United States v. Ronald Keith Harvey*, 3-94-mj-30052-JSB, ECF 1, 2 (Feb. 2, 1994).

## II.     PROCEDURAL BACKGROUND

In 1991, Defendant was federally convicted of manufacturing and cultivating marijuana. On December 2, 1992, the court imposed a 60-month prison sentence to be followed by a 48-month period of probation. Pursuant to his sentence, Defendant came into the custody of the Bureau of Prisons ("BOP") until his sentence was discharged. BOP placed Defendant at the Federal Prison Camp in Dublin, California "Dublin") in Alameda County, in the Northern District of California. However, Defendant never completed his prison sentence.

On or about January 21, 1994, Defendant escaped from Dublin. On February 2, 1994, the United States Attorney's Office for the Northern District of California filed a criminal complaint charging Defendant with escape, in violation of 18 U.S.C. § 751(a). *See United States v. Ronald Keith Harvey*, 3-94-mj-30052-JSB, ECF 1, 2 (Feb. 2, 1994). That same day, the Northern District Court issued a no-bail arrest warrant for Defendant. Defendant's whereabouts were unknown to BOP and the court until June 12, 2025, when the U.S. Marshals arrested Defendant on the 1994 no-bail warrant and booked him at Nevada County Jail.

## III.    DETENTION BASED ON THE UNDISCHARGED BOP SENTENCE

Defendant must finish serving his 1992 prison sentence, which he failed to complete due to his escape. As outlined below, whether Defendant received any pre-trial detention credit towards his 60-month sentence, he still would have failed to complete his prison term and trailing probation sentence before he escaped FCP Dublin. This Court should thus order Defendant remanded to the custody of BOP to complete his unfinished sentence.

- A prison sentence of 60 months is approximately 1825 days.
  - Assuming Defendant was held from August 9, 1991 (the date of his original arrest) to January 21, 1994 (the date of his escape) and received pre-trial detention credit towards his 60-month sentence, he would have only served about 896 days and therefore completed approximately 49.095 percent of his prison sentence.

- Assuming Defendant did not receive pre-trial detention credit and entered BOP custody upon imposition of his sentence in December 1992, he would have only served approximately 416 days and therefore completed approximately 22.79 percent of his prison sentence.

Under 18 U.S.C. § 4082(a), "the willful failure of a prisoner to remain within the extended limits of his confinement, or to return within the time prescribed to an institution or facility designated by the Attorney General, shall be deemed an escape from the custody of the Attorney General punishable as provided in chapter 35 of this title." Chapter 35 of Title 18 includes § 751, which is the charge contained in the new criminal complaint against Defendant.

## IV.   DETENTION BASED ON 18 U.S.C. § 3142

### ELIGIBILITY OF CASE FOR DETENTION HEARING ON NEW COMPLAINT

The new criminal complaint case charging Defendant with Escape is eligible for a detention hearing on two grounds: (1) Defendant poses a serious risk of flight (18 U.S.C. § 3142(f)(2)(A)); and (2) Defendant poses a serious risk of obstruction if left in the community (18 U.S.C. § 3142(f)(2)(B)). To balance a defendant's fundamental interest in pretrial liberty with adequate protection of the community and the integrity of the judicial process, Congress authorized detention hearings only in limited circumstances, such as those outlined in § 3142(f). *See* 18 U.S.C. § 3142. *See also*, *United States v. Salerno*, 481 U.S. 739, 747 (1987).

First, under 18 U.S.C. § 3142(f)(2)(A), here there is a serious risk Defendant will again flee. Defendant escaped from a federal prison facility, despite being at that facility for the very clear purpose of serving his prison sentence. Defendant did not have permission to leave—he simply escaped and in the decades that have passed, Defendant never turned himself in to authorities or made any attempt to end his abscondence. These actions demonstrate a strong willingness to evade federal authority and there is no rational basis to find that Defendant would not again abscond or escape if released by this Court. Further, escape is a continuing offense. This permits the Court to determine that an escapee can be held liable for failure to return to custody as well as for his initial departure. *See United States v. Bailey*, 444 U.S. 394, 413 (1980).

Second, this case is also eligible for a detention hearing pursuant to 18 U.S.C. § 3142(f)(2)(B) because the defendant poses a serious risk of obstruction of justice if he remains in the community. Defendant's whereabouts have been unknown for over 31 years. Despite his original arrest, prosecution, judgment, sentence, and time at the BOP facility, Defendant still escaped and failed to communicate his whereabouts to law enforcement, the court, or U.S. Probation through those 31 years. Through these actions, Defendant has made clear his intent to subvert legal processes and criminal accountability. This makes Defendant a significant obstruction risk.

BASIS FOR DETENTION ON NEW COMPLAINT

This Court should order Defendant detained because no condition, or combination of conditions of release, will reasonably assure his appearance as required. *See,* 18 U.S.C. § 3142(b).

**A. Legal Standard.**

The United States bears the burden of demonstrating that a defendant poses a risk of non-appearance by a preponderance of the evidence. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). Pursuant to 18 U.S.C. § 3142(g), courts must consider a variety of factors when determining detention, including (1) the nature and circumstances of the offenses charged, (2) the weight of the evidence, (3) the history and characteristics of a defendant, and (4) the nature and seriousness of a danger to any person or the community. 18 U.S.C. § 3142(g). Applying a holistic assessment of these factors in this case, there are absolutely no conditions that will ensure Defendant's appearance in the Northern District of California to answer to his criminal complaint. In fact, due to his prior escape and length of time on the run, this defendant poses a greater-than-usual risk of non-appearance—certainly far greater than many defendants that pass before this Court daily.

**B. There Are No Conditions or Combination of Conditions That Will Reasonably Assure the Defendant's Appearance as Necessary.**

Here, the defendant poses more than an ordinary risk of non-appearance. He has the means and ability to obfuscate his identity to flee and no conditions or combination of conditions, even a high bond, will reasonably assure his voluntary appearance as necessary.[1] Detention on the basis that Defendant

---

[1] The risk of non-appearance referenced in 18 U.S.C. § 3142 involves a degree of volition. *See*

USA MOTION FOR A DETENTION HEARING AND
MEMORANDUM IN SUPPORT OF DETENTION

poses a substantial risk of voluntary non-appearance is supported by (1) the nature and the circumstances of the offense charged; (2) the strong weight of the evidence against the defendant; (3) the additional sentence the defendant faces in his new criminal complaint case. Further, when examining the new criminal complaint in light of Defendant's historical actions, background, ongoing escape status, and his convictions, it is critical to remember that under 18 U.S.C. § 751, custody need only be minimal and an escape from the "constructive custody" of the Attorney General may constitute a violation. *United States v. Cluck*, 542 F.2d 728, 731 (8th Cir. 1976).

The nature and circumstances of this case establish that Defendant has exactly the knowledge willfulness, and follow-through necessary to facilitate a non-appearance. Further, where the weight of the evidence against Defendant is objectively strong, it would be reasonable for Defendant to perceive a high likelihood of conviction, which in turn provides him a greater incentive to flee. Pursuant to the criminal complaint, a violation of 18 U.S.C. § 751(a) carries a penalty of up to five years in prison and/or a fine under Title 18. This would be in addition to the remainder of Defendant's undischarged 1992 sentence. The Ninth Circuit has found that the likely punishment faced by a defendant may be an incentive to flee. *United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990) ("Consideration of the nature of the offenses charged involves consideration of the penalties.").

The effectiveness of any conditions that might be imposed, necessarily depends on Defendant's good faith compliance. To date, Defendant has shown only an unwillingness to hold himself accountable to the criminal justice system—He has been a fugitive for over 31 years. Even the most restrictive community release conditions imposed by this Court would fall short of the security of a BOP prison facility, and Defendant has already escaped once from such a facility. Thus, there is little hope that restrictive community conditions would suffice to prevent yet another escape or a non-appearance. Further, GPS monitoring is no assurance against flight. In short, release conditions may be "easily circumvented or manipulated" in this particular case. *See United States v. Hir*, 517 F.3d 1081, 1093 (9th Cir. 2008) (quoting *United States v. Tortora*, 922 F.2d 880, 887 (1st Cir. 1987)). Accordingly, the

---

*United States v. Santos-Flores*, 794 F.3d 1088 (9th Cir. 2015) (finding that the district court erred when it relied upon the existence of an ICE detainer and the probability of removal from the United States to find that no condition or combination of conditions would ensure the defendant's appearance).

United States asks this Court to find that the defendant's risk of voluntary non-appearance cannot be mitigated by any condition of release.

### V. TERMS OF RELEASE

Should this Court release the defendant, the United States requests that this Court appoint an appropriate third-party custodian to be responsible for Defendant and to monitor him on release. Release to the defendant's immediate family is insufficient, as they did not prevent Defendant's criminal conduct or his escape, and they made no efforts through the past decades to have Defendant turn himself in and they have made no apparent contact or effort to inform law enforcement of Defendant's whereabouts. At present, supervision by Defendant's immediate family provides no assurances that can offset the substantial risk of non-appearance that he poses.

### VI. CONCLUSION

Accordingly, for the reasons stated above, the United States requests that this Court detain the defendant Ronald Keith Harvey.

Respectfully submitted,

Dated: June 13, 2025

MICHELE BECKWITH
Acting United States Attorney

By: /s/ *Kristin F. Scott*
KRISTIN F. SCOTT
Assistant United States Attorney